JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-4664-MWF (AGRx)                    **Date: September 6, 2023**
          CV 23-4691-MWF (AGRx)
Title:    Leopoldo Ariola et al v. Raytheon CA Technologies Corporation et. al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER DENYING PLAINTIFF'S MOTIONS TO REMAND [Case No. 23-4664, Docket No. 19] [Case No. 23-4691, Docket No. 17]

Before the Court are two Motions, filed in different but parallel actions that are both pending before this Court:

The first motion is the Motion to Remand in Case No. 23-4664. (Docket No. 19). In that action, Plaintiff Leopoldo Ariola brings a putative class action against Defendants Raytheon (CA) Technologies Corporation and Raytheon Company based on nine violations of California Labor Code and one violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et. seq*.) (the "Class Action").

The second motion is the Motion to Remand filed in Case No. 23-4691. (Docket No. 17). In that action, the same Plaintiff brings a single Private Attorneys General Act ("PAGA") claim against the same Defendants for nearly identical violations of the California Labor Code as alleged in the Class Action (the "PAGA Action").

In both actions, Plaintiff originally filed the Complaint in California Superior Court, and Defendants removed both actions to this Court, where the cases were noticed as related. Plaintiff now seeks to remand both actions back to the Superior Court. In the Class Action, Defendants justify removal based on both the Class Action Fairness Act ("CAFA") and 28 U.S.C. § 1331 (federal-question jurisdiction) due to complete preemption under the Labor Management Relations Act ("LMRA"). (*See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-4664-MWF (AGRx)　　　　　　　　Date: September 6, 2023
　　　　　CV 23-4691-MWF (AGRx)
Title:　　Leopoldo Ariola et al v. Raytheon CA Technologies Corporation et. al.

Class Action Notice of Removal ("Class NOR") ¶¶ 13, 85 (Class Action, Docket No. 1)). In the PAGA Action, Defendants justify removal solely based on federal-question jurisdiction due to complete preemption under LMRA. (*See* PAGA Action Notice of Removal ("PAGA NOR") (PAGA Action, Docket No. 1)).

　　It is unclear to the Court why Plaintiff has split his claims into two simultaneous actions based on the same facts. Perhaps such splitting was done in an effort to have the PAGA Action avoid CAFA-based removal. Regardless, the Court concludes that the Motions to Remand in both actions must be denied based on LMRA preemption, and therefore, does not decide whether jurisdiction in the Class Action is proper under CAFA.

　　The Court read and considered the papers filed in connection with the Motions and held a hearing on **August 14, 2023.**

　　The Motions to Remand are **DENIED**. This Court has federal question subject-matter jurisdiction over Plaintiff's state law claims because the claim under California Labor Code section 204 is completely preempted by federal law, and the Court will exercise supplemental jurisdiction over Plaintiff's remaining claims.

I.　　**BACKGROUND**

　　*The Class Action*: On May 5, 2023, Plaintiff filed the Class Action in the Los Angeles County Superior Court. (Class NOR, Ex. A (Class Complaint)). In the Class Action, Plaintiff asserts 10 claims against Defendants for alleged violations of California Labor Code sections 201, 202, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1 1198, 2800, and 2802 and one alleged violation of the California Business and Professions Code §§ 17200, *et seq*. The Class Complaint seeks to certify a class of "all current and former hourly-paid or non-exempt employees who worked

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-4664-MWF (AGRx)  **Date: September 6, 2023**
   CV 23-4691-MWF (AGRx)

Title: Leopoldo Ariola et al v. Raytheon CA Technologies Corporation et. al.

for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint[.]" (Class Complaint ¶ 14).

  Defendants were served with the Class Complaint on May 15, 2023, and removed this action to federal court on June 13, 2023 (within 30 days of service). (Class NOR ¶¶ 1-2). In the Class NOR, Defendants assert that this Court has subject-matter jurisdiction based on CAFA, because there is minimal diversity and the amount in controversy exceeds $5 million. (*Id.* ¶¶ 14, 26).

  Defendants also assert that LMRA preemption serves as a basis for federal-question jurisdiction over the Class Action. (*Id.* ¶ 85). Defendants contend that Plaintiff's definition of the "proposed class" encompasses hundreds of employees who are subject to multiple collective bargaining agreements ("CBAs"). (*Id.* ¶ 89). Defendants attach the two relevant CBAs to the Declaration of Eric Reynolds, Defendants' Employee and Labor Relations Manager. (Declaration of Eric Reynolds ("Reynolds Decl."), Ex. 1 (The Cabinet Makers Millmen and Industrial Carpenters Local 721 Agreement (the "Local 721 Agreement")), Ex. 2 (The International Brotherhood of Electrical Workers Local 2295 Agreement (the "Local 2295 Agreement")) (Class Action, Docket No. 2)). In his declaration, Mr. Reynolds testifies that both CBAs apply to certain of the "aggrieved employees" described in the PAGA Complaint and that Plaintiff is specifically a covered employee under the Local 721 Agreement. (*Id.* ¶¶ 2-3, 6). As a result of such union membership, Defendants contend that Plaintiff's claims under California Labor Code sections 204 and 510 are preempted by LMRA due to two CBA-related statutory exemptions under the California Labor Code.

  ***The PAGA Action***: On May 5, 2023, Plaintiff also filed the separate PAGA Action in the Los Angeles County Superior Court. (PAGA NOR, Ex. A (PAGA Complaint)). The PAGA Complaint asserts a single claim under the California Labor Code Private Attorneys General Act ("PAGA"), California Labor Code §§ 2698 *et seq*. The PAGA Complaint seeks civil penalties and attorneys' fees, expenses, and costs for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-4664-MWF (AGRx)     Date: September 6, 2023
         CV 23-4691-MWF (AGRx)
Title:   Leopoldo Ariola et al v. Raytheon CA Technologies Corporation et. al.

alleged violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 558, 1174(d), 1194, 1197, 1197.1 1198, 2800, and 2802. Plaintiff seeks to represent "aggrieved employees," which Plaintiff defines as "all current or former employees of Defendants." (PAGA Complaint ¶ 16).

Defendants were served with the PAGA Complaint on May 15, 2023, and removed this action to federal court on June 14, 2023 (within 30 days of service). (PAGA NOR ¶¶ 1-2). In the PAGA NOR, Defendants assert that this Court has subject-matter jurisdiction because Plaintiff's Labor Code claims under sections 204 and 510 are preempted by LMRA for the same reasons argued in the Class NOR. Defendants filed the same declaration and evidence in support of this argument as they filed in the Class NOR. (*See* PAGA Action, Declaration of Eric Reynolds ("Reynolds Decl."), Exs. 1-2 (CBAs), (Docket No. 2)).

Plaintiff moves to remand in both actions based on lack of subject-matter jurisdiction. Because the PAGA Action focuses solely on the preemption issue, and that is the only issue reached by the Court, for ease of reference, the remainder of this Order cites exclusively to the documents filed in the PAGA Action. But this Order applies equally to both actions as the parties have made identical preemption arguments in the filings of both actions.

## II.     LOCAL RULE 7-3

Defendants argue that the Motion should be denied in its entirety for failure to comply with Local Rule 7-3. (Opposition at 1). Defendants contend that Plaintiff's counsel failed to meet and confer and to include a certificate of compliance with the Motion. (*Id.*). In response, Plaintiff states that his counsel communicated with Defendants' counsel regarding Plaintiff's intent to file a Motion to Remand. (Reply at 1). Plaintiff also contends that because the issue is one of jurisdiction, the Court has an obligation to consider the merits. (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-4664-MWF (AGRx)            Date: September 6, 2023
          CV 23-4691-MWF (AGRx)
Title:     Leopoldo Ariola et al v. Raytheon CA Technologies Corporation et. al.

      Although it seems that Plaintiff's counsel failed to comply with the letter and spirit of Local Rule 7-3, it does not appear that Defendants have suffered prejudice as a result of this failure. The Court also agrees that it has a sua sponte obligation to consider the jurisdictional issues presented. The Court, therefore, will proceed to the merits of the Motion. *See, e.g.*, *Reed v. Sandstone Props.*, L.P., No. 12-CV-5021-MMM (VBKx), 2013 WL 1344912, at *6 (C.D. Cal. Apr. 2, 2013) (consideration of the merits of a motion when the opposing party was not prejudiced).

### III. LEGAL STANDARD

      In general, "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). To remove a case to federal court, the defendant must file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

      Although both Complaints only allege claims based on state law, here Defendants argue that the Court has original jurisdiction under 28 U.S.C. § 1331, because certain of Plaintiff's state law claims are completely preempted by LMRA, and therefore give rise to federal-question jurisdiction.

#### A. Preemption Under LMRA

      Under the "well-pleaded complaint" rule, "federal jurisdiction exists only when a federal question is present on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

      "A corollary to the well–pleaded complaint rule is the 'complete preemption' doctrine, which applies in cases in which 'the preemptive force of a statute is so extraordinary that it converts an ordinary state common–law complaint into one stating a federal claim for purposes of the well–pleaded complaint rule.'" *In re NOS Commc'ns, MDL No. 1357*, 495 F.3d 1052, 1057 (9th Cir. 2007) (quoting *Caterpillar*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-4664-MWF (AGRx)           **Date: September 6, 2023**
        CV 23-4691-MWF (AGRx)

Title:     Leopoldo Ariola et al v. Raytheon CA Technologies Corporation et. al.

482 U.S. at 393). "Once an area of state law has been completely preempted, any claim purportedly based on that pre–empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id*.

      The Supreme Court has long interpreted LMRA as authorizing federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019). Section 301 of LMRA "vests federal courts with jurisdiction to hear suits 'for violation of contracts between an employer and a labor organization representing employees . . . without respect to the amount in controversy or without regard to the citizenship of the parties.'" *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1009 (9th Cir. 2018) (quoting 29 U.S.C. § 184(a)).

      "By enacting [] LMRA, Congress completely preempted state law for certain labor-related claims." *Id*. Because these areas are completely preempted, any such claim is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301. *Id.* "In other words, a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court." *Curtis*, 913 F.3d at 1152.

      But "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016) (quoting *Allis-Chalmers Corp v. Lueck*, 471 U.S. 202, 211 (1985)).

      To determine what claims are preempted under § 301, the Ninth Circuit has adopted a two-step inquiry. First, if the asserted cause of action involves a right that exists solely as a result of the collective-bargaining agreement ("CBA"), then the claim is preempted and the analysis ends there. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). Second, if a plaintiff's state law right is substantially dependent on analysis of the CBA, then the claim is preempted. *Id*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-4664-MWF (AGRx)            Date: September 6, 2023
        CV 23-4691-MWF (AGRx)
Title:     Leopoldo Ariola et al v. Raytheon CA Technologies Corporation et. al.

### B.     Facial vs. Factual Jurisdictional Challenge

After a removing defendant alleges that the Court has jurisdiction in the notice of removal, the plaintiff can contest removal "by making either a 'facial' or a 'factual' attack on the defendant's jurisdictional allegations." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) (citing *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020)). "A 'facial' attack accepts the truth of the [defendant's] allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Salter*, 974 F.3d at 964 (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)). In evaluating a facial attack, "the court, accepting the allegations as true and drawing all reasonable inferences in the defendant's favor, 'determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction.'" *Salter*, 974 F.3d at 964 (quoting *Leite*, 749 F.3d at 1121).

In contrast, "[a] factual attack 'contests the truth of the . . . allegations' themselves." *Harris*, 980 F.3d at 699 (alteration in original) (internal citation omitted). Here, "the burden is on the defendant to show, by a preponderance of the evidence," that the Court has jurisdiction. *Id.* (citing *Ibarra*, 775 F.3d at 1197). Although a plaintiff may rely on evidence to mount a factual attack, "[a] factual attack . . . need only challenge the truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence." *Harris*, 980 F.3d at 700. Conversely, where a plaintiff "d[oes] not challenge the rationality, or the factual basis, of [a defendant's] assertions" and "argue[s] only that [defendant] must support its assertion with competent proof," that challenge is a "facial attack, rather than a factual attack." *See Salter*, 974 F.3d at 964. Such a facial attack is foreclosed by Ninth Circuit and Supreme Court precedent, given the Court must accept uncontroverted allegations in the NOR as true in a facial attack. *Id.*

The import of the Ninth Circuit's holdings in *Salter* and *Harris* is that "[o]nly after a factual attack does the burden fall upon [the d]efendant to show by a

---

**CIVIL MINUTES—GENERAL**           7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-4664-MWF (AGRx)            Date: September 6, 2023
         CV 23-4691-MWF (AGRx)
Title:    Leopoldo Ariola et al v. Raytheon CA Technologies Corporation et. al.

preponderance of the evidence" that its allegations are true. *Fierro v. Cap. One, N.A.*, No. CV 22-00493-BAS-BLM, 2022 WL 17486364, at *5 (S.D. Cal. Dec. 6, 2022) (citing *Harris*, 980 F.3d at 700)).

## IV.   DISCUSSION

### A.   Evidence Regarding Applicability of CBAs

Plaintiff makes two threshold arguments as to why LMRA does not preempt his claims premised on California's Labor Code.

*First*, Plaintiff argues that there is insufficient evidence that Plaintiff was, in fact, a union member during his employment. (Motion at 5). However, Defendants offered the declaration of Mr. Reynolds, Defendants' Employee and Labor Relations Manager, who declares that due to his position, he has "access to employment documents related to all California employees including any collective bargaining agreements that would apply." (Reynolds Decl. ¶¶ 2, 3). Mr. Reynolds also declares that Plaintiff "was part of the Local 721 Agreement." (*Id.* ¶ 6). Defendants attached the Local 721 Agreement to Reynolds' Declaration. (*Id.*, Ex. 1). Defendants also point out that Plaintiff's counsel's own declaration in support of the Motion provides additional evidence, through Plaintiff's wage statements, that he paid union dues. (*See* Declaration of Melissa Rinehart ("Rinehart Decl.") ¶ 6, Ex. B (Wage Statement)).

In the Reply, Plaintiff contends that the Court should not take judicial notice of the Wage Statement (that he himself filed), but fails to explain why the Wage Statement is not properly subject to judicial notice. (Pltf. Opp. to RJN (Docket No. 20)). And regardless, the Court is not limited to consideration of the pleadings and judicially noticeable documents on a Motion to Remand. *See Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 882 (S.D. Cal. 2021) ("In assessing the propriety of removal, the district court considers the allegations in both the complaint and notice of removal as well as any documents attached.") (internal citations omitted); *see also Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1198 n.31 (C.D. Cal. 2015) (denying a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-4664-MWF (AGRx)　　　　　　　　Date: September 6, 2023
　　　　　　CV 23-4691-MWF (AGRx)
Title:　　Leopoldo Ariola et al v. Raytheon CA Technologies Corporation et. al.

motion to remand while noting that "in determining whether removal jurisdiction exists, the court is not limited to documents attached to the notice of removal" and may even "consider supplemental evidence later proffered by the removing defendant").

　　Plaintiff was free to offer contrary evidence disputing the underlying facts contained in the Reynolds' Declaration and Wage Statement but failed to do so. Indeed, Plaintiff does not deny that he is a union member. In other words, Plaintiff does not appear to challenge the truth of the allegation that Plaintiff's employment with Defendants was covered by the Local 721 Agreement. Instead, Plaintiff's argument is only that Defendants have not provided sufficient and/or competent proof of his union membership. (*See* Reply at 2) ("Defendants have not submitted any admissible evidence to establish that Plaintiff was a member of a union[.]"). However, this type of facial attack based on incompetent proof is prohibited by Ninth Circuit case law. In *Salter*, the Ninth Circuit explained that a defendant may simply allege or assert jurisdictional allegations in a notice of removal, that if true, would support jurisdiction. A defendant need only present summary-judgment type evidence in support of its jurisdictional allegations when the plaintiff asserts a factual attack undermining the truth or rationality of the jurisdictional allegations. *Salter*, 974 F.3d at 964. When a plaintiff does not challenge the rationality or factual basis for an assertion, but instead merely argues that the defendant "must support its assertion with competent proof" such a challenge is an improper facial attack. *See id.* Therefore, the Court accepts as true the allegation that Plaintiff was covered by the Local 721 Agreement during his employment with Defendants.

　　***Second***, Plaintiff argues that even if there is evidence that Plaintiff is covered by a CBA, there is insufficient evidence that all "aggrieved employees" are covered by a CBA. In the Motion, Plaintiff failed to cite any authority to explain why that fact, even if true, would defeat jurisdiction.

　　For the first time in the Reply, Plaintiff cites a district court case, which reasoned that "because the [c]omplaint d[id] not limit the California class and

---

**CIVIL MINUTES—GENERAL**　　　　　　　　　　　　　　　　　　　　9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-4664-MWF (AGRx)          Date: **September 6, 2023**
        CV 23-4691-MWF (AGRx)

Title:      Leopoldo Ariola et al v. Raytheon CA Technologies Corporation et. al.

California labor sub-class to registered nurses covered by the CBAs, it is more likely than not that the classes include persons exempted from the 'bargaining unit' who are therefore not covered by the § 514 exemption," which was one reason why the defendant failed to show LMRA preemption.  (*See* Reply at 3) (citing *Cranton v. Grossmont Hosp. Corp.*, No. 22-CV-443 JLS (MDD), 2022 WL 16572028, at *6 (S.D. Cal. Nov. 1, 2022).  In reaching its conclusion, the *Cranton* court relied on cases that considered whether a defendant had sufficiently demonstrated that the relevant CBAs met certain requirements as to "all employees ***covered by the CBA***."  *Id.* (citing *Rooney v. Save Mart Supermarkets*, No. CV 22-00671-JAM-FEB, 2020 WL 3819481, at *3 (E.D. Cal. July 8, 2020) and *Huffman v. Pac. Gateway Concessions LLC*, No. CV 19-01791-PJH, 2019 WL 2563133, at *5 (N.D. Cal. June 21, 2019)) (emphasis added).  The *Rooney* and *Huffman* courts did not consider whether, as a threshold issue, all putative class members had to be covered by a qualifying CBA for a defendant to claim preemption.

      The Court disagrees with the *Cranton* court to the extent it holds that a defendant must show that all putative class members are covered by a qualifying CBA for preemption to apply because the fact that some putative class members (or some plaintiffs that a PAGA plaintiff seeks to represent) may not have preempted claims does not change the fact that a named plaintiff's claim will be preempted if the defendant shows that the named plaintiff's claim is covered by a qualifying CBA.  In other words, if this Court has federal-question jurisdiction over any of Plaintiff's claims, then the Court will have supplemental jurisdiction over all other claims arising from the same case or controversy, including the claims of other plaintiffs.  *See* 28 U.S.C.A. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . . Such supplemental jurisdiction shall ***include claims that involve the joinder*** or intervention ***of additional parties***.") (emphasis added); *cf. Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 564 (2005) ("[T]he last sentence of § 1367(a) expressly contemplates that the court may

| **CIVIL MINUTES—GENERAL** | **10** |
|---|---:|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-4664-MWF (AGRx)　　　　　　　　Date: September 6, 2023
　　　　　CV 23-4691-MWF (AGRx)
Title:　　Leopoldo Ariola et al v. Raytheon CA Technologies Corporation et. al.

have supplemental jurisdiction over additional parties."); *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 980 (7th Cir. 2011) ("Inclusion of additional litigants as unnamed members of a class is of no more jurisdictional significance than joinder or intervention, and so we understand that final sentence [of § 1367(a)] as one that covers class actions as well."); *Landy v. Pettigrew Crewing, Inc*., No. CV 19-07474-RGK (AFMx), 2019 WL 6245525, at *5 (C.D. Cal. Nov. 22, 2019) (concluding the court had supplemental jurisdiction over claims arising from pay periods prior to the effective dates of the CBAs).  Therefore, the Court is not convinced that Defendants need to prove that all aggrieved employees that Plaintiff seeks to represent are covered by a qualifying CBA.

　　　　Accordingly, Plaintiff's arguments regarding the applicability of the CBAs do not establish that the Court lacks subject-matter jurisdiction.

　　　　**B.　　Preemption of Plaintiff's Labor Code Claims**

　　　　Defendants argue that Plaintiff's claims brought under California Labor Code sections 510 and 204 are preempted by LMRA, and therefore give rise to federal-question jurisdiction.

　　　　Under the first step of the two-part *Burnside* preemption inquiry, the Court must decide whether the asserted claim involves a right that exists solely as a result of the CBA.  Defendants argue that although Plaintiff's Labor Code claims are brought under state law (i.e., the California Labor Code), Plaintiff's rights to certain overtime pay and timely payment exist only by virtue of the CBA due to two statutory exemptions in the Labor Code for employees covered by qualifying CBAs.

　　　　While the Court is not convinced that Defendants have carried their burden as to the section 510 claim, the Court concludes that the section 204 claim is preempted.

　　　　***Section 510***: Section 510 governs overtime wages.  The statute provides that hours in excess of a 40-hour workweek or an 8-hour workday must be compensated at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-4664-MWF (AGRx)            Date: September 6, 2023
         CV 23-4691-MWF (AGRx)
Title:      Leopoldo Ariola et al v. Raytheon CA Technologies Corporation et. al.

one-and-one-half rate of pay. Cal. Lab. Code § 510(a). However, section 510 does "not apply to an employee covered by a valid collective bargaining agreement *if* the agreement expressly provides for the wages, hours of work, and working conditions of the employees, ***and if*** the agreement provides premium wage rates for all overtime hours worked ***and*** a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage. Cal. Lab. Code § 514 (emphasis added) ("section 514 exemption").

       In 2019, the Ninth Circuit held that if the conditions for the section 514 exemption apply, a section 510 claim is preempted under the first step of the *Burnside* test. *Curtis,* 913 F.3d 1146. The plaintiff in *Curtis* was employed subject to a CBA and filed state law claims under the Labor Code against his employer. The plaintiff in *Curtis* argued that his right to overtime pay under section 510 was a nonnegotiable state right that existed independently of his CBA, and so his claim was not preempted by § 301 of LMRA. *Id.* at 1153. The Ninth Circuit, however, disagreed.

       The Ninth Circuit made clear that "[i]f [plaintiff's] CBAs [] meet the requirements of section 514, [then the plaintiff's] right to overtime exists solely as a result of the CBA, and therefore is preempted under § 301." *Id.* at 1154 (internal quotation omitted). And because the plaintiff did "not dispute" that the relevant CBAs met the requirements of section 514, i.e., "that both CBAs expressly provide[d] for the wages, hours of work, and working conditions of the employees, and . . . premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage," his section 510 claim was preempted under step one of the preemption analysis. *Id.* at 1154-55.

       Defendants argue that *Curtis* directly applies because Plaintiff brings a claim under section 510, but such a claim is preempted given the applicability of the section 514 exemption. (Opposition at 2–3). However, the Court tends to agree with Plaintiff that Defendants have not carried their burden to demonstrate that the section 514 exemption applies because they have not even alleged sufficient facts to show that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-4664-MWF (AGRx)            **Date: September 6, 2023**
        CV 23-4691-MWF (AGRx)

Title:     Leopoldo Ariola et al v. Raytheon CA Technologies Corporation et. al.

---

section 514's conditions are satisfied. Specifically, Defendants have not demonstrated that no employees covered by the relevant CBAs made less than 30% more than the state minimum wage during the relevant time period. *See* Cal. Lab. Code § 514; *see also Sarmiento v. Sealy, Inc.*, No. CV 18-01990-JST, 2019 WL 3059932, at *9 (N.D. Cal. July 12, 2019) (concluding that whether a collective bargaining agreement provides a sufficient regular hourly rate of pay under section 514 "must be determined by reference to all of the covered employees").

      Indeed, the PAGA Complaint explicitly alleges that at "all material times set forth herein, Defendants failed to pay Plaintiff and the other aggrieved employees at least minimum wages for all hours worked." (PAGA Complaint ¶ 42). Further, in the Reply, Plaintiff points out that under the Local 721 Agreement CBA, in 2019, labor grades 7 and 8 were making wages below 130% of the state's minimum wage. (*See* Reply at 3). So, unlike in *Curtis*, where it was undisputed that the conditions of section 514 were met, here Plaintiff explicitly alleges and argues that the CBAs do not meet the requirements for section 514 to apply. (*See id.*; *see also* Motion at 9; Reply at 3). Therefore, Defendants were required to come forward with evidence to prove that sections 514's requirements are met. Because Defendants have not done so, they have not successfully invoked *Curtis* to demonstrate preemption of Plaintiff's section 510 claim. *See, e.g.*, *Martinez v. Omni Hotels Mgmt. Corp.*, 514 F. Supp. 3d 1227, 1238 (S.D. Cal. 2021) ("Because the CBA fails to satisfy all of § 514 's requirements, § 514 does not prevent § 510 's application to Plaintiffs . . . . . Accordingly, [the p]laintiffs' overtime allegations do not involve a right that exists solely as a result of the CBA, and the overtime allegations are not preempted under step 1.").

      Defendants do not advance any arguments under step 2 of the *Burnside* test, so the Court assumes that Plaintiff's section 510 claim does not require the Court to interpret the CBAs. Because Defendants have failed to demonstrate that LMRA § 301 preempts Plaintiff's section 510 claim, the claim cannot serve as the basis for federal-question jurisdiction.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-4664-MWF (AGRx)　　　　　　　　Date: September 6, 2023
　　　　　CV 23-4691-MWF (AGRx)
Title:　　Leopoldo Ariola et al v. Raytheon CA Technologies Corporation et. al.

　　　*Section 204*:  However, the section 510 analysis does not end the inquiry because Defendants also argue that section 204 is likewise preempted by a different statutory exemption.

　　　Section 204 establishes statutory requirements for the timely payment of wages, with a default requirement that all wages be paid on a semi-monthly basis.  Cal. Lab. Code § 204(a).  However, California Labor Code section 204(c) provides that "when employees are covered by a collective bargaining agreement that provides different pay arrangements, those arrangements shall apply to the covered employees."

　　　Several district courts have extended the reasoning of *Curtis* to conclude that "[section] 204(c) operates similarly to the statute discussed in *Curtis*," and as a result, "where a CBA provides for a different pay arrangement from that which exists under state law, a covered employee's right to timely payment 'exists solely as a result of the CBA.'"  *See Landy*, 2019 WL 6245525, at *4) (quoting *Curtis*, 913 F.3d at 1154) (internal quotation marks omitted); *Bradford v. Pro. Tech. Sec. Servs. Inc. (Protech)*, No. CV 20-02242-WHO, 2020 WL 2747767, at *4–5 (N.D. Cal. May 27, 2020) ("Because the CBA here meets the statutory exemption requirements provided in section 204(c), Bradford's PAGA claim for violation of section 204 is preempted under the first step of the *Burnside* test."); *Bartlett v. All Am. Asphalt*, No. ED CV 20-1449-JGB (KKx), 2020 WL 6118818, at *7 (C.D. Cal. Oct. 16, 2020) (same); *Tolentino v. Gillig*, LLC, No. CV 20-7427-MMC, 2021 WL 121193, at *3 (N.D. Cal. 2021) (same); *Schwanke v. Minim Prods., Inc.*, No. CV 22-00111-SVW (JPRx), 2021 WL 4924772, at *5 (C.D. Cal. May 24, 2021) (same).

　　　The Court sees no principled reason why the holding of *Curtis* would not extend to section 204 claims, and therefore, joins the district courts so holding.  The only question to be resolved, therefore, is whether Defendants have demonstrated that the statutory exemption under section 204(c) applies.  While the statutory exemption discussed in *Curtis* (section 514) has various conditions that must be met before the exemption is triggered, the only condition that seemingly has to be met for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-4664-MWF (AGRx)  　　　　　　　　Date: September 6, 2023
　　　　　CV 23-4691-MWF (AGRx)
Title:　　Leopoldo Ariola et al v. Raytheon CA Technologies Corporation et. al.

statutory exemption under section 204(c) to apply is that the CBA "provides different pay arrangements" than section 204(a).

　　　Though the parties discuss both CBAs submitted by Defendants, the Court deems it sufficient to discuss the Local 721 Agreement, which Defendants claim covers the named Plaintiff. Defendants point out that Local 721 Agreement provides that "hourly paid employees shall be paid every two weeks on a day designated by the Employer." (Reynolds Decl., Ex. 1, p. 29). Despite the fact that Defendants originally made this argument in the NOR, Plaintiff entirely ignored the section 204 claim in the Motion, leaving Defendants' section 204 preemption argument undisputed until the Reply. In the Reply, Plaintiff argues that section 204(c) does not apply because the CBA does not provide for a pay arrangement different than those permitted by California Labor Code section 204(a) and (d). (Reply at 4). By raising this challenge for the first time in the Reply, Plaintiff again unfairly hampered Defendants' ability to respond. The Court does not condone this practice, but nonetheless rejects Plaintiff's argument on the merits.

　　　Plaintiff first argues that the pay arrangement provided in the Local 721 Agreement complies with section 204(a), the default rule, which requires that employees be paid "twice during each calendar month, on days designated in advance by the employer as the regular paydays." Cal. Lab. Code § 204(d). However, as discussed at the hearing, the requirement in section 204(a) to make semi-monthly payments is not the same as the relevant Local 721 Agreement's provision of biweekly pay periods. While similar, a biweekly arrangement ensures that twice a year employees receive three payments in a month. The Local 721 Agreement's biweekly arrangement therefore provides for a different pay arrangement from that which exists under section 204(a). *See Rodriguez v. USF Reddaway Inc.,* No. CV 22-00210-TLN-DB, 2022 WL 18012518, at *5 (E.D. Cal. Dec. 30, 2022) (also determining that CBA provision of biweekly pay period is different than semi-monthly requirement imposed by section 204(a)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-4664-MWF (AGRx)            **Date: September 6, 2023**
        CV 23-4691-MWF (AGRx)
Title:     Leopoldo Ariola et al v. Raytheon CA Technologies Corporation et. al.

     Plaintiff also argues that the CBA complies with section 204(d), which provides that the requirements of "this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period[.]" Cal. Lab. Code § 204(d). Plaintiff contends that because the relevant CBA complies with section 204(d), by providing for biweekly payments, the CBA does not provide for a pay arrangement that is different than what is required by the Labor Code, and therefore the section 204(c) exemption does not apply. (*See* Reply at 4).

     Several well-reasoned cases have rejected this argument. *See, e.g.*, *Corlew v. Superior Duct Fabrication, Inc.*, No. CV 22-04466-JLS-E, 2022 WL 17834201, at *7 (C.D. Cal. Dec. 21, 2022); *Johnson v. San Francisco Health Care & Rehab Inc.*, No. CV 22-1982-JSC, 2022 WL 2789809, at *9 (N.D. Cal. July 15, 2022); *Rodriguez,* 2022 WL 18012518, at *5 n.5.

     As other district courts have explained, section 204(d) is best "construed as a satisfaction provision" — "unlike section 204(a), which sets the actual default pay arrangement from which CBAs may deviate." *Corlew*, 2022 WL 17834201, at *7 ( (citing *Johnson*, 2022 WL 2789809, at *9). A CBA such as the one here, which provides for the biweekly payment of wages, provides a "different pay arrangement" for the purposes of section 204(c) because it deviates from the default semi-monthly arrangement in section 204(a) — even if it is consistent with the "satisfaction" arrangements in section 204(d). *See id.* (coming to the same conclusion regarding a CBA that provided for weekly payments); *see also Rodriguez,* 2022 WL 18012518, at *5 (coming to the same conclusion regarding a CBA that provided for a biweekly pay period).

     As the *Johnson* court put it, "§ 204(d) states how employers may comply with § 204(a)" but has no bearing on "the exemption for employees covered by a CBA as described in 204(c)." 2022 WL 2789809, at *9. The use of the adversative "However" at the beginning of section 204(c), which is placed after section 204(a) but before

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-4664-MWF (AGRx)           Date: September 6, 2023
        CV 23-4691-MWF (AGRx)
Title:     Leopoldo Ariola et al v. Raytheon CA Technologies Corporation et. al.

section 204(d), supports the conclusion that the "different pay arrangements" to which the provision refers are different from the arrangement presented in what precedes that provision, not what follows it. *Corlew*, 2022 WL 17834201, at *8 (citing *Landy*, 2019 WL 6245525, at *4) ("After the statute lists the default rule for the timing of wage payments in subsections (a) and (b), subsection (c) begins with the word '[h]owever,' indicating that the default rule does not apply if the remainder of subsection (c) is met, i.e., where a CBA provides different pay arrangements."). Therefore, where a CBA provides for a pay arrangement that is different from the default arrangement in section 204(a), but consistent with the alternatives for compliance in § 204(d), that is a "different pay arrangement" under § 204(c). *Id.*

      Accordingly, Plaintiff's claim under section 204 (in both actions) is preempted under the first *Burnside* step because the claim seeks to vindicate a right that exists as a result of the CBA, and the Court need not proceed to step 2. Because the section 204 claim is preempted, the Court has jurisdiction over Plaintiff's section 204 claim.

      Plaintiff argues that it should not matter whether the statutory exemptions apply because the exemptions are affirmative defenses and do "not change the nature of Plaintiff's state law claims." (Motion at 8). The Court understands that statement as an argument that the availability of a statutory exemption does not convert Plaintiff's statutory claim into a CBA claim. But this line of argument ignores *Curtis*. In general, the Court agrees that a defendant bears the burden of demonstrating that a statutory exemption applies before a state labor law claim will be preempted by LMRA. But where state labor law provides that certain rights shall be governed by a CBA when certain conditions are met (i.e., creates a statutory exemption), and the statutory exemption clearly applies, then the state labor law claim is in essence a CBA claim, and is thus preempted, as explained by *Curtis*. *See* 913 F.3d at 1155.

      While Plaintiff disputes the applicability of the section 514 exemption, Plaintiff does not successfully dispute the applicability of the statutory exemption contained in section 204(c). Based on the allegations and evidence set forth by Defendants, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-4664-MWF (AGRx)　　　　　　　　　**Date: September 6, 2023**
　　　　　CV 23-4691-MWF (AGRx)
Title:　　Leopoldo Ariola et al v. Raytheon CA Technologies Corporation et. al.

---

Court is satisfied that section 204(c) applies. Therefore, Plaintiff's section 204 claim exists by virtue of the CBA and is preempted. And "a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court." *Curtis*, 913 F.3d at 1152.

　　　Therefore, the Court has federal-question jurisdiction over both the Class and PAGA Actions. Because the remainder of Plaintiff's claims are intertwined with Plaintiff's section 204 claim such that they are a part of the same case or controversy, the Court will exercise supplemental jurisdiction to adjudicate those claims as well. *See* 28 U.S.C. § 1367.

　　　Accordingly, Plaintiff's Motions to Remand are both **DENIED**.

　　　At the hearing, assuming the Court retained jurisdiction, the parties did not object to the Court's preference to consolidate the cases. Federal Rule of Civil Procedure 42(a) allows courts to consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). District courts have broad discretion under Rule 42(a) to consolidate cases pending in the same district, *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855-56 (9th Cir. 2016), and may consolidate cases *sua sponte*. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987). In determining whether to consolidate actions, "a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1028-29 (N.D. Cal. 2003) (citation omitted).

　　　Here, the two actions are based on the same underlying facts. Accordingly, consolidation will aid judicial and party efficiency and will help avoid delay, confusion, and prejudice.

　　　Accordingly, it is hereby **ORDERED** as follows:

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-4664-MWF (AGRx)  **Date: September 6, 2023**
       CV 23-4691-MWF (AGRx)

Title:    Leopoldo Ariola et al v. Raytheon CA Technologies Corporation et. al.

- The Clerk shall consolidate *Leopoldo Ariola et al. v. Raytheon CA Technologies Corporation et al.*, Case No. CV-23-4664-MWF (AGRx), and *Leopoldo Ariola et al. v. Raytheon CA Technologies Corporation et al.*, Case No. CV-23-4691-MWF (AGRx) for all purposes;

- The docket in case number CV-23-4664-MWF (AGRx) shall constitute the master docket for the consolidated action and shall be captioned *Leopoldo Ariola et al. v. Raytheon CA Technologies Corporation et al.* All future pleadings and correspondence shall use this case name and number;

- The Clerk shall file a copy of this Order in and then administratively close *Leopoldo Ariola et al. v. Raytheon CA Technologies Corporation et al.*, Case No. CV-23-4691-MWF (AGRx).

IT IS SO ORDERED.